■ 3094 BRIGHTON, LLC, Respondent, v ZURICH SPECIALTIES (LONDON), LIMITED, Appellant, et al., Defendants. [905 NYS2d 195]—

In an action, inter alia, for a judgment declaring that the defendant Zurich Specialties (London), Limited, is obligated to defend and indemnify the plaintiff in an underlying action entitled *Haidear v 3094 Brighton, LLC*, pending in the Supreme Court, Kings County, under index No. 5125/01, the defendant Zurich Specialties (London), Limited, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 9, 2009, as granted that branch of the plaintiff's motion which was for partial summary judgment on the first and second causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate interlocutory judgment, inter alia, declaring that the defendant Zurich Specialities (London), Limited, is obligated to defend and indemnify the plaintiff in the underlying action entitled *Haidear v 3094 Brighton, LLC,* pending in the Supreme Court, Kings County, under index No. 5125/01.

In support of its motion for partial summary judgment on the first and second causes of action, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]), by submitting the affidavits of its insurance broker, as well as of the agent of the defendant Zurich Specialties (London), Limited (hereinafter Zurich). The agent had the authority to bind Zurich on the subject policy, and also served as Zurich's agent for service of claims against the policy. These affidavits established that the plaintiff was a named insured under the subject policy and that Zurich was given timely notice of the underlying action against the plaintiff. In opposition, Zurich failed to raise a triable issue of fact as to either of those issues (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for partial summary judgment on the first and second causes of action insofar as asserted against Zurich.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate interlocutory judgment, inter alia, declaring that Zurich is obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

Zurich's remaining contentions are without merit. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur. **[Prior Case History: 22 Misc 3d 1128(A), 2009 NY Slip Op 50316(U).]**